UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2012 AUG 10 P 2: 56

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES OF AMERICA )
)
v. )
)
EDWARD LABORIO, )
)
Defendant. )

Criminal No. 12cr10238

VIOLATIONS:

18 U.S.C. § 371 (Conspiracy)
18 U.S.C. §§ 1341, 1349, 2 (Mail Fraud)
18 U.S.C. § 981 (Criminal Forfeiture)
28 U.S.C. § 2461 (Criminal Forfeiture)

## INFORMATION

The United States Attorney charges that:

### INTRODUCTION

1. In 2006, EDWARD LABORIO formed Envit Capital, LLC ("Envit LLC"), a Delaware limited liability company. LABORIO was the Chief Executive Officer and Chairman of Envit LLC. From approximately October 2006 continuing through at least August 2009, LABORIO controlled Envit LLC and various related entities (collectively, the "Envit Entities").

2. From October 2006 through the latter part of 2008, LABORIO maintained the headquarters of the Envit Entities in Boston, Massachusetts.

### SCHEME TO DEFRAUD

3. As set forth below, beginning in or about October 2006 and continuing through at least August 2009, LABORIO, together with others known and unknown to the U.S. Attorney, devised and executed a scheme to defraud and to employ manipulative and deceptive devices and contrivances in connection with the purchase and sale of securities.

4. LABORIO and his coconspirators defrauded investors by soliciting them to purchase stock in the Envit Entities based on false and fraudulent statements and representations of material facts, and based on omissions of material facts necessary in order to make the statements made not misleading. These false statements included misstating the revenues of certain Envit Entities, falsely promising certain investors guaranteed annual fixed returns on their investment, and misrepresenting the historical returns generated by investments in certain Envit Entities.

## COUNT ONE
### (18 U.S.C. § 371 – Conspiracy)

5. Paragraphs 1-4 are re-alleged and incorporated by reference as though fully set forth herein.

6. From in or about October 2006 through no earlier than August 2009, in the District of Massachusetts and elsewhere, the defendant,

EDWARD LABORIO,

did conspire with others known and unknown to the United States Attorney to commit securities fraud, to wit, knowingly and willfully, by the use of means and instrumentalities of interstate commerce and the mails, directly and indirectly to use and employ manipulative and deceptive devices and contrivances in connection with the purchase and sale of securities in contravention of Rule 10b-5 (17 C.F.R. Section 240.10b-5) of the Rules and Regulations promulgated by the Securities and Exchange Commission, and to (a) employ devices, schemes and artifices to defraud, (b) make untrue statements of material facts and omit to state material facts necessary in order to make the statements made, in light of circumstances under which they were made, not misleading, and (c) engage in acts, practices and courses of business which would and did operate as a fraud and deceit upon persons, in violation of Title 15, United States Code, Sections 78j(b) and 78ff(a), and Title 17, Code of Federal Regulations, Section 240.10b-5.

### Purpose of the Conspiracy

7. The purpose of the conspiracy was for LABORIO and his coconspirators to unjustly enrich themselves by procuring investments in the Envit Entities from various individuals while misleading those individuals about material facts regarding their investment.

## Manner and Means of the Conspiracy

The manner and means by which the defendant and his coconspirators sought to accomplish the purpose of the conspiracy included the following:

8. LABORIO and his coconspirators falsely represented that various of the Envit Entities had revenues in the tens of millions of dollars per year.

9. LABORIO and his coconspirators falsely promised certain investors guaranteed annual fixed returns on their investment while knowing full well that there was no reasonable basis for such promises.

10. LABORIO and his coconspirators falsely represented that one of the Envit Entities, a purported hedge fund managed by Envit LLC, had generated a 42.9% return on investment in 2006 and a 43.7% return on investment in 2007.

## Overt Acts in Furtherance of the Conspiracy

11. In furtherance of the conspiracy and to accomplish its objectives, LABORIO and others committed, and caused to be committed, in the District of Massachusetts and elsewhere, the following overt acts, among others:

   a. On or about February 12, 2008, a coconspirator of LABORIO solicited a prospective investor ("Investor 1") by representing to him, via electronic mail, false rates of return on investment in one of the Envit Entities for the years 2006 and 2007. Investor 1 subsequently purchased approximately 2,500 shares of Envit LLC common stock.

   b. On or about August 27, 2008, a coconspirator of LABORIO sent to Investor 1, via United States mail, an "Investor Subscription Agreement" to be filled out so that the investor could purchase more shares of Envit LLC.

   c. On or about November 6, 2008, a coconspirator of LABORIO sent an e-mail to a prospective investor ("Investor 2") soliciting his investment. In that e-mail, the coconspirator of LABORIO stated to Investor 2 that his investment in one of the Envit Entities would generate a guaranteed fixed return of 8.5% for five years. Investor 2 subsequently purchased approximately 54,167 shares of one of the Envit Entities.

 All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
## (18 U.S.C. §§ 1343, 1349, 2 – Mail Fraud)

12. Paragraphs 1-4 and 8-11 are re-alleged and incorporated by reference as though fully set forth herein.

13. On or about August 27, 2008, in the District of Massachusetts and elsewhere, the defendant,

### EDWARD LABORIO,

having knowingly devised a scheme to defraud and to obtain money and property by means of material false and fraudulent pretenses, representations and promises, for the purpose of executing such scheme and artifice did knowingly cause matter and things to be delivered by the United States Postal Service and private and commercial interstate carriers, and attempted and conspired to do so, to wit, the mailing of an "Investor Subscription Agreement" to Investor 1.

All in violation of Title 18, United States Code, Sections 1341, 1349 and 2.

## FORFEITURE ALLEGATION
### 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461

14. The United States Attorney re-alleges and incorporates by reference paragraphs 1-13 of this Information, and further charges that:

15. Upon conviction of the offenses alleged in the Information, the defendant,

EDWARD LABORIO,

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such violations.

16. If any of the property described in paragraph 15, above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the property described in subparagraphs (a) through (e).

All in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States, Section 2461(c).

>                                   CARMEN M. ORTIZ
>                                   United States Attorney
>
> By: _____
>                                   VASSILI THOMADAKIS
>                                   SARAH E. WALTERS
>                                   Assistant U.S. Attorneys

Dated: August 10, 2012